1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN R.J. KERN, JR.,

    *Plaintiff*,

vs.

STROUD*, et al.*

    *Defendants*.

2:13-cv-02227-RCJ-NJK

ORDER

14    This *pro se* prisoner civil rights suit comes before the Court for initial review of the
15 complaint.  Action on the pauper application is deferred at this time.
16    When a "prisoner seeks redress from a governmental entity or officer or employee of
17 a governmental entity," the court must "identify cognizable claims or dismiss the complaint,
18 or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a
19 claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who
20 is immune from such relief."  28 U.S.C. § 1915A(b).
21    In considering whether the plaintiff has stated a claim upon which relief can be granted,
22 all material factual allegations are accepted as true for purposes of initial review and are to
23 be construed in the light most favorable to the plaintiff.  *See, e.g., Russell v. Landrieu*, 621
24 F.2d 1037, 1039 (9th Cir. 1980).  However, mere legal conclusions unsupported by any actual
25 allegations of fact are not assumed to be true in reviewing the complaint.  *Ashcroft v. Iqbal*,
26 556 U.S. 662 (2009).  That is, bare and conclusory assertions that constitute merely formulaic
27 recitations of the elements of a cause of action and that are devoid of further factual
28 enhancement are not accepted as true and do not state a claim for relief.  *Id.*

1    Further, the factual allegations must state a plausible claim for relief, meaning that the

2    well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

3
            [A] complaint must contain sufficient factual matter,
4    accepted as true, to "state a claim to relief that is plausible on its
     face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127
5    S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial
     plausibility when the plaintiff pleads factual content that allows the
6    court to draw the reasonable inference that the defendant is liable
     for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The
7    plausibility standard is not akin to a "probability requirement," but
     it asks for more than a sheer possibility that a defendant has
8    acted unlawfully. *Ibid.* Where a complaint pleads facts that are
     "merely consistent with" a defendant's liability, it "stops short of
9    the line between possibility and plausibility of 'entitlement to
     relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
10
            . . . . [W]here the well-pleaded facts do not permit the court
11   to infer more than the mere possibility of misconduct, the
     complaint has alleged - but it has not "show[n]" - "that the pleader
12   is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

13   *Iqbal*, 556 U.S. at 678.

14   Allegations of a *pro se* complainant are held to less stringent standards than formal

15   pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).

16   Plaintiff Stephen Kern seeks compensatory and punitive damages from High Desert

17   State Prison ("High Desert") alleged Warden Stroud and Correctional Officer Jason Henry,

18   in their individual and official capacities.

19   The complaint, which seeks monetary damages only, does not state a claim for relief

20   against either defendant in their official capacity. First, claims for monetary damages from

21   a defendant in their official capacity are barred by state sovereign immunity under the

22   Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);

23   *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their

24   official capacity for monetary damages also are not "persons" subject to suit under 42 U.S.C.

25   § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

26   Nor does the complaint state a claim for relief against defendant Stroud in his individual

27   capacity in any of the counts. Plaintiff only lists Stroud as a defendant, and the complaint

28   includes no allegations regarding any individual involvement by Stroud in any of the alleged

-2-

constitutional violations.  There is no *respondeat superior* vicarious liability under § 1983 by a supervisory official for the alleged acts of subordinates.  A supervisory official may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation.  *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

Count I otherwise states a claim for relief for alleged excessive use of force against defendant Henry in his individual capacity.

Count I further alleges that "medical staff has stopped pain relief medication-care-treatment-examination and products," even after plaintiff requested further care.  Such allegations do not state a claim for relief against a defendant named in the complaint.  Neither Henry nor Stroud are alleged to have had personal involvement in the discontinuation of further care by medical staff.  Moreover, merely alleging conclusorily that medical care was discontinued despite plaintiff's requests that it be continued does not establish an Eighth Amendment violation.[1]  Such an alleged violation also should be alleged in a separate count.

Count II potentially states a claim for limitations on plaintiff's outside exercise while in segregation and further regarding the conditions during exercise.  Plaintiff alleges that he was allowed outside for exercise "sometimes once a week, but most times 2 times a week."  He further alleges that when he was allowed outside for exercise in hot summer months, there was no water or toilet facilities available, with the latter condition leaving him to soil himself.  While an alleged derogation from state corrections department administrative regulations may

---

[1]In order to state a claim for relief under the Eighth Amendment for deliberate indifference to a serious medical need, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety.  *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010).  The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference.  *Id.*  In other words, a plaintiff must show that the official was "(a) *subjectively* aware of the serious medical need and (b) failed adequately to respond."  *Id.*, (quoting prior authority, with emphasis in original).  Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference to a serious medical need under the Eighth Amendment.  *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

1  not give rise to potential liability, the allegations presented nonetheless potentially state a
2  claim under the Eighth Amendment.  *See Allen v. Sakai*, 48 F.3d 1082, 1087-88 (9th Cir.
3  1994)(only 45 minutes per week of exercise over a six-week period); *but cf. Norwood v.*
4  *Vance*, 591 F.3d 1062, 1068-69 (9th Cir. 2010)("*Allen* does not hold that a prisoner's right to
5  outdoor exercise is absolute and indefeasible, or that it trumps all other considerations.").  As
6  with the medical-care allegations in Count I, however, the allegations do not state a claim for
7  relief against a defendant named in the complaint.  Neither Henry nor Stroud are alleged to
8  have had personal involvement in the alleged violation.

9      The Court will dismiss the deficient claims and provide plaintiff an opportunity to file an
10 amended complaint correcting these deficiencies, to the extent possible.

11     IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that
12 the following claims are DISMISSED without prejudice for failure to state a claim upon which
13 relief may be granted: (a) the claim for denial of medical care in Count I; (b) Count II in its
14 entirety; (c) all claims against defendant Henry in his official capacity; and (d) all claims
15 against defendant Stroud.  The only claim that remains before the Court is the excessive force
16 claim in Count I against defendant Henry in his individual capacity only.

17     IT FURTHER IS ORDERED that plaintiff shall have **thirty (30) days** within which to
18 mail an amended complaint to the Clerk for filing correcting the deficiencies in the original
19 complaint, if possible.  If plaintiff does not timely mail an amended complaint correcting the
20 deficiencies in the original complaint, the action will proceed forward only on the remaining
21 claim against defendant Henry in his individual capacity.

22     IT FURTHER IS ORDERED that plaintiff shall clearly title any amended complaint filed
23 as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights
24 Complaint" on page 1 in the caption and shall place the docket number,
25 **2:13-cv-02227-RCJ-NJK**, above the word "AMENDED" in the space for "Case No."  Under
26 Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference
27 to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are
28 not carried forward in the amended complaint no longer will be before the Court.

The Clerk shall SEND plaintiff with two copies of a blank § 1983 complaint form and one copy of the instructions for same, along with a copy of the original complaint that he submitted.  The Clerk further shall seek to re-image the complaint on the electronic docketing system from the "day file" original hard copy.

DATED:    April 28, 2014

_____
ROBERT C. JONES
United States District Judge