UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN R.J. KERN, JR., </br></br>       Plaintiff, </br></br>vs. </br></br>STROUD, et al., </br></br>       Defendants. | Case No. 2:13-cv-002227-RFB-NJK </br></br>ORDER GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL </br></br>(Docket No. 55) |

Pending before the Court is Defendants' motion for leave to file under seal. Docket No. 55. Defendants seek to file Exhibits C and O to their Motion for Summary Judgment (Docket No. 54) under seal. *See* Docket No. 55. For the reasons discussed below, the Court hereby **GRANTS** Defendants' motion for leave to file under seal.

**I.  STANDARD**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling

reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II. ANALYSIS

The documents at issue in the pending motion are Plaintiff's relevant medical records and medical kites. Docket No. 55 at 2. As noted in Defendants' motion to seal, these records are confidential in nature. *Id*. Further, the Court notes that these records contain personal medical information regarding Plaintiff.

Therefore, the Court finds that both good cause and compelling reasons exist to seal Exhibits C and O that overcome the presumption of public access, and that the records cannot be easily redacted while leaving meaningful information available to the public. Accordingly, Defendants' Motion for Leave to File Under Seal (Docket No. 55) is hereby **GRANTED**. The documents at Docket No. 56 shall remain sealed.

IT IS SO ORDERED.

DATED: October 29, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").