# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

STEPHEN R.J. KERN, JR.,

    Plaintiff,

v.

JASON HENRY, *et al.*,

    Defendants.

Case No. 2:13-cv-02227-RFB-NJK

**ORDER**

Motion for Appointment of Counsel
(ECF No. 89)

## I. INTRODUCTION

This matter is before the Court on Plaintiff Stephen R.J. Kern, Jr.'s Motion for Appointment of Counsel, ECF No. 89. Defendants filed a response to the motion, arguing that appointment of counsel is not appropriate in this case. For the reasons set forth below, Plaintiff's motion is granted.

## II. BACKGROUND

Plaintiff is currently incarcerated at High Desert State Prison and is in the custody of the Nevada Department of Corrections (NDOC). Plaintiff's Second Amended Complaint was screened and allowed to proceed on November 14, 2014. ECF No. 14. Plaintiff raised three claims: an 8th Amendment claim for cruel and unusual punishment; an 8th Amendment claim for deliberate indifference to a serious medical need; and an 8th Amendment claim regarding unconstitutional conditions of confinement. Plaintiff filed a Motion for Summary Judgment on July 30, 2015. ECF No. 37. Defendants filed their Motion for Summary Judgment on October 21, 2015. ECF No. 54. The Court denied Plaintiff's Motion for Summary Judgment, and granted in part and denied in part

Defendants' Motion for Summary Judgment. ECF No. 88. Plaintiff's 8th Amendment claim regarding unconstitutional conditions of confinement will proceed to trial.

**III.     LEGAL STANDARD**

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is within the sound discretion of the district court and requires a showing of exceptional circumstances. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither factor is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331.

**IV.     DISCUSSION**

The Court finds that exceptional circumstances exist to appoint counsel for Plaintiff in this case. With respect to the first factor, Plaintiff has demonstrated a likelihood of success on the merits of his remaining 8th Amendment claim. This claim has survived summary judgment and will proceed to trial, and Plaintiff has presented evidentiary support for his claim. The second factor requires the Court to consider Plaintiff's ability to articulate his claims in consideration of the complexity of the legal issues presented. Plaintiff's Eighth Amendment conditions of confinement claim will involve both nuances of the law as it relates to different aspects of confinement, e.g. exercise and hygiene, and trial preparation in relation to witnesses who are confined (or were confined) with Plaintiff.  While Plaintiff has been able to sufficiently raise genuine issues of material fact for the one claim that is proceeding, this standard is different and less burdensome than what he will face at trial.  The Court finds that complexity of the relevant legal issues and requirements for trial preparation in this case warrant the appointment of counsel.

In light of Plaintiff's likelihood of success on the merits and his diminishing ability to articulate his claims effectively as the case moves closer to trial and the legal issues grow more

complex, the Court finds that exceptional circumstances exist to appoint counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e).

**V. CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stephen R. J. Kern, Jr.'s Motion to Appoint Counsel, ECF No. 89, is GRANTED.

**IT IS FURTHER ORDERED** that this case shall be referred to the Pilot Pro Bono Program for Plaintiff Kern to receive a general purpose appointment of counsel.

**IT IS FURTHER ORDERED** that Plaintiff's counsel may request a referral to the Magistrate Judge for the scheduling of a settlement conference.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Settlement [90] is DENIED without prejudice given the possible appointment of counsel. Plaintiff may renew his request for a referral to the magistrate for settlement if no counsel is appointed.

**IT IS FURTHER ORDERED** that Defendant's Motion for Clarification [92] is DENIED without prejudice as moot given the Court's order regarding the appointment of counsel.

**IT IS FURTHER ORDERED** that parties shall file a joint pretrial order within 90 days.

**DATED** this 24th day of April, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**